# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

**JOSE LEANDRO TAMAYO LOPEZ**      **CIVIL ACTION NO. 26-268-P**

**VERSUS**      **JUDGE VAN HOOK**

**BRIAN ACUNA, ET AL.**      **MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (Doc. 3) filed by Jose Leandro Tamayo Lopez, ("Petitioner").  Petitioner is an immigration detainee at the River Correctional Center seeking release from detention.  According to the habeas petition (Doc. 1), Petitioner is a national and citizen of Cuba who entered the United States on or about October 30, 2022.  On that same day, he surrendered himself to immigration officials and was detained for five days for processing.  He was served with a form I-220A Order for Release of Recognizance which is a form of conditional parole.  He was also served with a Notice to Appear which stated that he was "an alien present in the United States who has not been admitted or paroled."  On April 1, 2023, Petitioner filed a form I-589 application for asylum, withholding of removal and protections under the Convention Against Torture.

Petitioner was arrested after a traffic stop while he was a passenger in a work vehicle.  The officers informed him that there was an order for his arrest and detention. Petitioner was not shown an order or warrant for his arrest.  He has a pending asylum application and no criminal history.

Petitioner challenges the application of 8 U.S.C. § 1225(b)(2) to him and argues that it unlawfully mandates his continued detention and is a violation of the INA.  He also argues that it is a violation of 8 C.F.R. §§ 236.1, 1236.1 and 1003.19.  He argues that his continued detention without a bond redetermination violates his right to due process.

In his habeas petition, Petitioner is seeking his release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days.

In this Motion to Show Cause (Doc. 3), Petitioner asks the court to order Respondents to respond to his habeas petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.  Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations."  Danforth v. Minnesota, 552 U.S. 264, 278 (2008).  The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241.  See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-00544, 2018 WL

4869383, (W.D. La. 2018)[1]; See also, Taylor v. Gusman, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion.  See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243).  Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation.  See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause within three days (Doc.3) is **DENIED**.

However, because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the habeas petition (Doc. 1) within **21 days** of the date of this Order.  Petitioner shall have **seven days** to reply.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will be issued without further notice.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D.W. Va. 1997).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 11th day of February 2026.

Mark L. Hornsby
U.S. Magistrate Judge